**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STEVEN LANE,

    Petitioner,

v.                                                       Case No. 8:03- CV-463-T-30MSS

JOSEPH PETROVSKY, et al.,

    Respondents.
_____/

## O R D E R

Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is challenging his 1999 convictions for robbery with a weapon (2 counts) entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Respondent filed a response to the petition (Dkt. 6), and Petitioner filed a reply thereto (Dkt. 7). The matter is now before the Court for consideration of the merits of the petition.

### Background

Petitioner was charged by information on January 22, 1999, with two counts of robbery with a firearm (Dkt. 6, Ex. 1). Represented by an assistant public defender (Dkt. 1 at 16), Petitioner entered a plea on May 3, 1999, pursuant to a negotiated plea agreement in exchange for the State amending the information to charge him with the lesser included offenses of robbery with a weapon, a first degree felony punishable by a sentence of 30-years imprisonment as a prison releasee reoffender, rather than robbery with a firearm, a first degree felony punishable by a sentence of life imprisonment. *See* Fla. Stat. §§ 812.13(2)(a)-(b); 785.082(8) (1997). Petitioner was adjudicated guilty and sentenced to serve, concurrently,

a term of thirty (30) years imprisonment on each count, with the understanding that trial counsel would be afforded an opportunity to file a motion challenging the constitutionality of the prisoner releasee reoffender statute. Petitioner did not, however, pursue a direct appeal.

On May 11, 2000, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 raising nine claims (Dkt. 6, Ex. 5).  Following a hearing on January 4, 2002, *see* Dkt. 6, Ex. 8, the trial court entered a written order denying Petitioner's Rule 3.850 motion (Dkt. 6, Ex. 9). The appellate court affirmed the trial court's decision, per curiam, without written opinion, on January 29, 2003, with the mandate issuing on April 3, 2003 (Dkt. 6, Exs. 13; 15). *See Lane v. State*, 840 So.2d 237 (Fla. 2d DCA 2003) (table decision).

Petitioner filed his federal habeas petition on March 13, 2003 (Dkt. 1).  In his petition, Petitioner asserts that trial counsel was ineffective for misinforming him that the State's investigators had recovered the weapon used in the robbery and a bullet. Respondent acknowledges that the petition is timely but argues that it should be denied because Petitioner has failed to make the showing necessary for relief under 28 U.S.C. §§ 2254(d)-(e) (Dkt. 6 at 1).  Having reviewed the record, the parties arguments, applicable statutes, and controlling case law, the Court finds that, for reasons set forth below, Petitioner has failed to establish that he is entitled to federal habeas relief.

**Standard of Review**

Since Petitioner's conviction was entered after the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, his petition is subject to the provisions thereof. The standard of review required in a federal habeas corpus proceeding is quite strict, resulting in a heavy burden on the petitioner to successfully overturn a state court conviction. Where, as here, a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims.  *See Penry v.*

*Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 639 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citation omitted).

A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). *See Henderson*, 353 F.3d at 890-91.

**Evidentiary Hearing**

The Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. *See Smith v. Singletary*, 170 F.3d 1051, 1053-54 (11th Cir. 1999). The pertinent facts of the case are fully developed in the record before the Court. *See Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir. 1992). Thus, no additional evidentiary proceedings are required. *See High v. Head*, 209 F.3d 1257, 1263 (11th Cir. 2000), *cert. denied*, 532 U.S. 909 (2001) (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

**Discussion**

In his claim for relief, Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel. To support this claim, Petitioner contends that trial counsel misrepresented the evidence the State was prepared present in support of its case, leading him to enter an improvident guilty plea. According to clearly established federal law enunciated by the United States Supreme Court, to establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Eleventh Circuit has held that "[w]hen applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998).

The two-part test articulated in *Strickland* applies to cases challenging pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Agan v. Dugger*, 835 F.2d 1337, 1340 n.6 (11th Cir. 1987), *cert. denied*, 487 U.S. 1205 (1988). Counsel owes a lesser duty to a client who enters a plea than to one who decides to go to trial; when a plea is entered, counsel need only provide his client with an understanding of the law in relation to the facts so that the defendant may make an informed and conscious choice between entering the plea and proceeding to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To be entitled to collateral relief, a defendant must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *McMann v. Richardson*, 397 U.S. 759, 774 (1970). Petitioner must overcome a strong

4

presumption that counsel's conduct fell within the wide range of reasonably professional assistance.

In the context of guilty pleas, the first half of the *Strickland* test is a restatement of the standard for attorney competence set forth in *Tollett v. Henderson*, 411 U.S. 258 (1973), and *McMann v. Richardson*, 397 U.S. 759 (1970). The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59; *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir.1990). The *Strickland* test is equally applicable to a plea of nolo contendere based on ineffective assistance of counsel, as that type of plea is treated as an admission of guilt. *Carter v. Collins*, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990) (citing *Hudson v. United States*, 272 U.S. 451 (1926) and *Norman v. McCotter*, 765 F.2d 504, 509-11 (5th Cir. 1985)).

In its decision denying Petitioner's Rule 3.850 motion, the trial court stated:

> In ground four, Defendant alleged ineffective assistance of counsel for coercing Defendant into accepting a plea. Defendant contends that counsel coerced Defendant into accepting the plea bargain by stating that if Defendant proceeded to trial he would be convicted and receive two life sentences. At the evidentiary hearing, Mr. Reinhold testified that an offer of thirty (30) years as a Prison Releasee Reoffender (PRR) was made on the date that he would have started to pick a jury. (*See* evidentiary hearing transcript, dated January 24, 2002, p. 13, L:1-8, attached). Due to the fact that it was an overwhelmingly strong case for the prosecution, it was Mr. Reinhold's position that he should take the 30 years as a PRR because he wanted to file a motion challenging the constitutionality of PRR. (*See* evidentiary hearing transcript, dated January 24, 2002, p. 13, L: 14-19, attached). Mr. Reinhold testified that he believed that Defendant decided to take the plea after he informed him that a bullet had been recovered. (*See* evidentiary hearing transcript, dated January 24, 2002, p. 14, L:20-25, attached).

> Defendant testified that counsel informed him of the thirty (30) year offer by the State. (*See* evidentiary hearing transcript, dated January 24, 2002, p. 45, L:9-11, attached). Defendant testified that although counsel informed him that it was in his best interest to enter a plea, counsel told him that he could not make the decision for him. (*See* evidentiary hearing transcript, dated January 24, 2002, p. 45, L:12-18, attached). Defendant testified that he decided to take the plea because counsel misinformed him that there had been a weapon recovered. (*See* evidentiary hearing transcript, dated January 24, 2002, p. 47, L:11-20, attached).
>
> Based on the foregoing, the Court finds that Defendant was not coerced into accepting a plea. Although Defendant may have relied on counsel's advise [sic] to accept the plea in his best interest, the evidence presented at the evidentiary hearing does not establish that counsel forced him into making any such decision. Defendant fails to meet the first prong of the *Strickland* test and as such no relief is warranted on this ground.

Dkt. 6, Ex. 9 at 5-6. The trial court applied the correct standard of review for ineffective assistance of counsel claims, as enunciated by the Supreme Court. *Strickland*, 466 U.S. at 687. Thus, to establish that he is entitled to relief on these claims, Petitioner must establish that the trial court incorrectly applied this standard in reaching its determination that the claim raised in his Rule 3.850 motion lacks merit.

During the Rule 3.850 evidentiary hearing, trial counsel confirmed that he informed Petitioner that he learned during a pretrial deposition that the State had recovered a bullet, which would support a finding that the robber used a firearm to threaten the victims (Dkt. 6, Ex. 8 at R. 147). Trial counsel further testified, however, that he did not recall telling Petitioner that the State had recovered the weapon used in the robbery, and to his knowledge, no weapon was ever found (Dkt. 6, Ex. 8 at R. 147). Trial counsel also testified that it was not until shortly after Petitioner was brought into the courtroom for trial that the State made a plea offer. According to trial counsel, having discussed various defense strategies with Petitioner, he believed that it was in Petitioner's best interests to accept the plea offer.

6

Petitioner, on the other hand, testified that when he appeared for trial on May 3, 1999, trial counsel told him that the State had recovered the weapon used in the robbery and a bullet (Dkt. 6, Ex. 8 at R. 170).  According to Petitioner, when trial counsel communicated this information to him, Petitioner concluded that given the strength of the State's case, it was in his best interest to accept the State's offer to reduce the charges to robbery with a weapon (Dkt. 6, Ex. 8 at R. 171). Petitioner acknowledged that trial counsel told him that it was his decision whether to proceed to trial. *Id.*

The record supports the trial court's conclusion that Petitioner failed to establish that trial counsel's performance was deficient. Trial counsel made Petitioner aware of the nature of the charges against him, various defenses to the charges, and the maximum penalty if he were convicted. Petitioner does not assert that he was incompetent or otherwise not in control of his mental faculties when he entered his plea (Dkt. 6, Ex. 4 at R. 82).

The Court finds that Petitioner has not demonstrated that trial counsel's performance was outside the range of competence required of attorneys representing defendants in criminal cases. *Strickland*, 466 U.S. at 688. *See also Parker v. North Carolina*, 397 U.S. 790, 796-97 (1970).  The Court further finds that when Petitioner entered his plea, he understood the charges against him, was aware of the possible maximum sentences, and was not threatened or otherwise coerced to enter the plea. *See Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991). There is "no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought." *Brady v. United States*, 397 U.S. 742, 757 (1970).

As to Petitioner's argument in his reply to the response that the procedures guiding the conduct of a plea hearing in federal court are applicable to state courts, *see* Fed. R. Crim. P.

7

11, it is well-settled that the procedure prescribed by Rule 11 is not the constitutional minimum required for a knowing and voluntary plea; it merely constitutes the procedure for federal courts. *See Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir.) (per curiam), *cert. denied*, 454 U.S. 840 (1981). Rule 11 is not binding on the states. Moreover, a "formal violation of Rule 11 . . . . is neither constitutional nor jurisdictional," and thus not a basis for collateral relief. *United States v. Timmreck*, 441 U.S. 780, 784 (1979). Petitioner's reliance on the Federal rules of civil procedure in support of this claim is misplaced.

Petitioner has failed to establish that the trial court's adjudication of this claim was contrary to or an unreasonable application of clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED**. Dkt. 1.
2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 23, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties/Counsel of Record
SA:jsh